KNOXVILLE, . . . . . SEPTEMBER TERM, 1877.

THOMAS MALONEY, Adm'r, v. A. B. WILSON, Adm'r.

STATUTE OF LIMITATION. *Request for delay.* Where a request for delay is made, the party agreeing not to take advantage of the statute of three years for non-resident creditors, he will not be estopped from pleading the statute of six years in defense of the debt.

Case cited: Loyd, Adm'r v. Loyd. This Volume.

Code cited: Sections 2279, 2280–1, 2786.

FROM GREENE.

Appeal from the Circuit Court. E. E. GILLENWATERS, Judge.

J. H. ROBINSON for complainant.

No counsel marked for defendant.

DEADERICK, C. J., delivered the opinion of the court.

This suit was instituted upon an account, by Owens, intestate of Wilson, against Maloney, Adm'r of Robert Johnson, deceased, and before a justice of the peace. Judgment was rendered in favor of defendant Maloney, and the cause was taken by *certiorari* to the circuit court. There judgment was rendered for the plaintiff, Wilson, and defendant has appealed to this court.

The suit was begun on the 4th day of December, 1875, upon two accounts beginning in 1867, and the last item of which is charged February 8th, 1869. The facts were admitted, and the cause decided by the judge without the intervention of a jury, by consent of the parties.

It appears that Robert M. McKee was qualified as administrator of Johnson, on the 7th June, 1869, he having died on the 4th of April, 1869; that the accounts sued on were presented to said McKee on the 8th June, 1872, when he wrote upon the same the following endorsement:

" The within accounts presented to me as administrator of Robert Johnson, deceased, and by my special request suit will not be brought on them for three years from this date, as I have no funds belonging to the estate, with which to pay debts against the same. This endorsement does not waive any defense against said accounts, except the statute of three (3) years, the creditor being a non-resident of the State of Tennessee.　　　　　　ROBERT M. McKEE,

June 8, 1872.　　Adm'r, etc., of Robt. Johnson, dec'd."

The circuit judge held that this request suspended also the operation of the statute of limitations of six years, and gave judgment for the plaintiff for the amount of the accounts and interest thereon.

At the November term, 1875, of the county court, McKee resigned as administrator of Johnson, and Thos. Maloney, the plaintiff in error, was appointed and qualified at the same term administrator *de bonis non.*

On the 8th February, 1869, the last charge in the accounts is made. From that date to 4th December, 1875, when the suit was brought, more than six years had expired, and the statute of six years is relied upon in defense of the action.

It will be observed that the request for delay "does not waive any defense against said accounts except the statute of three years, the creditor being a non-resident."

From this stipulation in the request, it is manifest that the defense of the statute of limitations of six years was not waived. The undertaking was that the administrator would not plead the statute of three years, under sec. 2279, Code, estopping himself from this by requesting delay for a definite time under sec. 2280 of the Code.

The statute of six years continued to run, and there is nothing in the request prohibiting the administrator from relying upon it, especially as he expressly reserved, in the request for delay, the right to rely upon every other defense, except the statute of three years.

In the case of *Charles Loyd, adm'r,* v. *Nancy Loyd et al.,* in an unreported opinion by Judge McFarland, it is said, "a request for delay does not prevent the bar of the statute of seven years, Code, secs. 2281— 2786, or the statute of six years."

It follows that the accounts were barred by the statute of limitations of six years, and the judgment of the circuit court must be reversed, and judgment will be rendered here in favor of the plaintiff in error.